Howard Owens, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

. Argued February 27, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

648

*David G. Gates,* with him *Stanton C. Kelton, III,* for petitioner.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., March 31, 1978:

Appellant seeks reversal of a final administrative action by the Department of Public Welfare (Department) denying retroactive assistance payments for a period of approximately one month in 1976. We affirm.

Appellant, a resident of Bucks County, took custody of three minor children, not related to him, who were receiving public assistance grants through their mother, a resident of Philadelphia, pursuant to a written agreement whereby the mother was to pay $280 each month for their care. When the mother failed to fulfill her part of the bargain, appellant applied for public assistance in behalf of the children on July 21, 1976 through the Bucks County Board of Public Assistance (Bucks County Board). This application was formally rejected on August 16, 1976 after the Bucks County Board was informed by the Philadelphia County Public Assistance Board (Philadelphia Board) that the children were receiving grants through their mother who represented to the Philadelphia Board that the children were still living with her. Assistance grants for the children were ultimately transferred to the appellant on August 23, 1976. Appellant then filed an appeal for retroactive payment of assistance grants for the period of July

21, 1976 to August 23, 1976 alleging undue administrative delay in granting assistance. His appeal was sustained by a hearing examiner in a decision dated October 12, 1976. This decision was reversed by the Director of the Hearings and Appeals Unit on November 19, 1976.

Briefly stated, the question for review is whether the Department violated its own or federal regulations by the one month delay in determining that appellant, rather than the mother, was the proper recipient of the children's assistance grant. Appellant asserts he became entitled to assistance grants for the children as of July 21, 1976 when he informed the Bucks County Board that the children were living with him and not their mother.

Although Department regulations require that a grant may be discontinued only upon notice to the named recipient and an opportunity to appeal, Department of Public Welfare Manual §3512, federal and state regulations also allow that the Department may dispense with this notice where certain facts have been established by the Department. The regulation allowing for termination without notice relied on by appellant, contained in §3512.31 of the Manual, provides that such termination may occur when the Department receives "a report from the client, or someone acting in his behalf, that he has permanently moved to another County or State."

From the clear language of these regulations, as well as the facts of this case, appellant's argument must fail. Initially, it is apparent that summary termination is itself a discretionary act by the Department which would compel reversal of the Department's order here only by a showing of a clear abuse of that discretion. And, being a departure of the general rule of giving a recipient advance notice and an opportunity to appeal an administrative decision,

summary termination is proper, comporting with due process, only where the Department has unequivocal evidence showing a *permanent* change in residence had occurred. Appellant has referred us to no fact known by the Department as of July 21, 1976 that a permanent change of residence had occurred other than his assertion to that effect in an application for assistance. In view of the fact that the children were receiving assistance under the grant of their natural mother as well as the fact that appellant had custody of the children under an agreement which provided that the mother was to pay for their care, it was entirely consistent with Department regulations that the Department ascertain through further inquiry of the mother the residency and grant status of the children. Thus, we find the Department did not abuse the discretion permitted in the regulations in delaying termination of the children's grant through the mother until the residency status of the children could be fully ascertained.

Accordingly, we will enter the following

ORDER

AND Now, March 31, 1978, the Final Administrative Action of the Department of Welfare, dated October 21, 1976, reversing the order of the hearing officer which granted retroactive payments is hereby affirmed.